United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   CMS SECURITY, INC., et al.,                   No. C-09-2217 MMC

12              Plaintiffs,                    **ORDER DENYING PLAINTIFF'S MOTION
                                               FOR REMAND; VACATING HEARING**
13      v.

14   THE BURLINGTON INSURANCE
     COMPANY,
15
                Defendant
16   _____/

17

18        Before the Court is plaintiffs CMS Security, Inc. and Everal Thompson's (collectively,

19   "CMS") Motion for Remand, filed June 22, 2009.  Defendant The Burlington Insurance

20   Company ("TBIC") has filed opposition, to which CMS has replied.  Having read and

21   considered the papers filed in support of and in opposition to the motion, the Court deems

22   the matter suitable for decision thereon, VACATES the hearing scheduled for July 31,

23   2009, and rules as follows.

24        In its Notice of Removal, filed May 20, 2009, TBIC asserts the Court has diversity

25   jurisdiction over CMS's claims, for the reason that (1) each plaintiff is a citizen of California

26   and TBIC is a citizen of North Carolina, and (2) the amount in controversy exceeds the sum

27   of $75,000, the latter requirement evidenced by an interrogatory response served on TBIC

28   on April 21, 2009, in which CMS stated its damages exceed the sum of $700,000.  In its

1   motion to remand, CMS does not dispute the Court has diversity jurisdiction over the

2   above-titled case.  Rather, CMS argues, the Notice of Removal was untimely and, in the

3   alternative, TBIC has waived its right to remove.

4   **A.  Timeliness of Notice of Removal**

5        Where "the case stated by the initial pleading is not removable," a notice of removal

6   must be filed within 30 days of the defendant's receipt of "an amended pleading, motion,

7   order or other paper from which it may first be ascertained that the case is one which is or

8   has become removable."  See 28 U.S.C. § 1446(b).  Here, CMS does not assert that the

9   case stated by its initial complaint was removable.  Accordingly, the Court turns to events

10  occurring subsequent to such filing.

11       As noted above, the Notice of Removal states that the first document TBIC received

12  from which it could ascertain the amount in controversy exceeds $75,000 was a discovery

13  response received by TBIC on April 21, 2009, a date less than 30 days before the Notice of

14  Removal was filed.  CMS does not dispute the date of receipt of the subject discovery

15  response, nor does CMS argue TBIC had, on an earlier date, received "an amended

16  pleading, motion, order" or another "paper" from which TBIC should have ascertained the

17  case was removable.  Rather, CMS argues, TBIC had knowledge of the jurisdictional

18  amount as early as April 7, 2009, on which date, according to CMS, its counsel told counsel

19  for TBIC that "it is going to take a lot more than $75,000 to settle this case."  (See Clerides

20  Decl. ¶ 7.)

21       CMS's position is, in essence, that an oral statement by one attorney to another is

22  the equivalent of "an amended pleading, motion, order or other paper."  See 28 U.S.

23  § 1446(b).  CMS cites no authority to support such an interpretation of § 1446(b).  Indeed,

24  to the extent district courts have considered the argument, it has been rejected.  See, e.g.,

25  Mariners Hospital, Inc. v. Neighborhood Health Partnership, Inc., 2004 WL 3201003 (S.D.

26  Fla. 2004) (holding "oral conversation between the parties [does not] qualify as 'other

27  paper' for the purposes of triggering the 30-day removal period under 28 U.S.C. § 1446(b))

28  (citing cases); see also Harris v. Bankers Life and Casualty Co., 425 F.3d 689, 695, 697

1   (9th Cir. 2005) (holding, in case where complaint did not disclose citizenship of all parties,

2   defendant had no duty to investigate "clue" arguably contained therein; citing with approval

3   Fourth Circuit opinion allowing courts to "rely on the face of the initial pleading and on the

4   <u>documents exchanged</u> in the case" and requiring grounds for removal "be apparent within

5   the four corners of the initial pleading or subsequent paper") (internal quotation and citation

6   omitted) (emphasis added).

7          Consequently, the Court finds the oral communication by CMS's counsel to TBIC's

8   counsel does not suffice to constitute "an amended pleading, motion, order or other paper,"

9   <u>see</u> 28 U.S.C. § 1446(b), and, as a result, further finds TBIC was not required to file its

10  notice of removal within 30 days of said oral communication.

11         Accordingly, the Court finds the Notice of Removal, having been filed within 30 days

12  of TBIC's receipt of a paper setting forth an amount in controversy in excess of $75,000,

13  was timely.

14  **B.  Waiver**

15         "A state court defendant may lose or waive the right to remove a case to a federal

16  court by taking some substantial offensive or defensive action in the state court action

17  indicating a willingness to litigate in that tribunal before filing a notice of removal with the

18  federal court."  <u>Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP</u>, 365 F.3d 1244,

19  1246 (11th Cir. 2004) (internal quotation and citation omitted); <u>see</u>, <u>e.g.</u>, <u>McKinnon v.</u>

20  <u>Doctor's Associates, Inc.</u>, 769 F. Supp. 216, 220 (E.D. Mich. 1991) (holding defendant

21  waived right to remove where, prior to removal, defendant unsuccessfully sought order to

22  compel plaintiffs to submit their claims to arbitration); <u>Zbranek v. Hofheinz</u>, 727 F. Supp.

23  324, 325 (E.D. Tex. 1989) (holding defendants "lost their right to remove" by, prior to

24  removing, "seeking an injunction, summary judgment, and an order requiring re-pleading by

25  plaintiffs").

26         Here, CMS first argues TBIC waived its right to remove because, prior to filing its

27  notice of removal, TBIC had requested that CMS enter into a stipulation to consolidate the

28  instant action with a related state court action.  The Court disagrees.  Although CMS

3

1   subsequently drafted a proposed stipulation (see Clerides Decl. Ex. L), CMS does not

2   argue that the parties ever signed a stipulation to consolidate, let alone submit evidence to

3   support a finding that such a stipulation was submitted to the state court for consideration.

4   Consequently, there is no showing TBIC requested the state court take any action with

5   respect to consolidation.  Moreover, even if a request to consolidate had been made to the

6   state court, any resulting consolidation would not have constituted an adjudication on the

7   merits of any claim or defense, and, accordingly, such submission would not support a

8   finding that TBIC had indicated its willingness to litigate the case in state court.  See

9   Tedford v. Warner-Lambert Co., 327 F.3d 423, 428 (5th Cir. 2003) (holding defendant did

10  not "submit[ ] the cause to adjudication on the merits" by "moving to consolidate" prior to

11  remand, and, consequently, did not waive right to remand by so moving).

12       CMS next argues TBIC waived its right to remove when TBIC did not file an

13  objection to the state court's setting a trial date, an order issued by the state court one

14  week before the removal, and by not objecting to the state court's notice setting a

15  settlement conference.[1]  The Court again disagrees.  CMS cites no authority suggesting

16  TBIC's lack of response to scheduling orders could be deemed a "substantial offensive or

17  defensive action," see Yusefzadeh 365 F.3d at 1246, and there is nothing in the record to

18  suggest TBIC had requested the state court set a trial date or any other date.

19       Finally, CMS argues TBIC waived its right to remove by filing a case management

20  statement in state court prior to the removal.  Assuming, arguendo, the filing of a case

21  management statement could, under some circumstances, constitute an act manifesting

22  the defendant's intent to litigate the case in a state forum, the case management statement

23  on which CMS relies pertained solely to a related case, specifically, Case No. CGC-08-

24  482237 (see Clerides Decl. Ex. N), not the instant case, which, while pending in state court,

25  was designated by Case No. CGC-09-484499 (see Notice of Removal Ex. A).  Further, the

26  case management statement did not refer in any manner to the instant case, and, in any

27  _____

28       [1]The notice setting a settlement conference, however, is dated June 8, 2009, a date more than two weeks after the instant action was removed.  (See Clerides Decl. Ex. M.)

4

1   event, sought no action or relief from the state court.  In sum, TBIC's filing of a case

2   management statement in the related case in no manner manifested an intent to litigate the

3   instant case in state court.

4         Accordingly, CMS has failed to show TBIC waived its right to remove the instant

5   action.[2]

6                                   **CONCLUSION**

7         For the reasons stated above, the motion to remand is hereby DENIED.

8         **IT IS SO ORDERED.**

9

10  Dated:  July 28, 2009

11                                   MAXINE M. CHESNEY
                                     United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  _____

28        [2]In light of this finding, and the Court's finding that the Notice of Removal was timely,
    the Court does not address TBIC's argument that CMS's motion for remand was untimely.